# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

AIG SPECIALTY INSURANCE COMPANY,  )
                          Plaintiff(s),  )
v.  )
LIBERTY MUTUAL FIRE INSURANCE  )
COMPANY,  )
                          Defendant(s).  )

Case No. 2:17-cv-01260-APG-NJK

ORDER

(Docket No. 23)

Pending before the Court is Defendant's motion to stay these proceedings pending resolution of an underlying state court action. Docket No. 23. Plaintiff has filed a response in opposition to the motion, and Defendant has filed a reply. Docket No. 32, 36.

The briefing on this motion is not sufficiently clear to enable a ruling at this time. Most significantly, the parties have not identified with particularity the standards that apply and crafted arguments tailored to those standards. There are two primary lines of authority and standards interspersed throughout the briefing: (1) that related to the Court's inherent authority to stay proceedings generally as a matter of controlling its docket, as discussed in cases such as *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) and *Lockyer v. Mirant*, 398 F.3d 1098, 1110 (9th Cir. 2005); and (2) that related to the Court's discretion to abstain from exercising jurisdiction under the Declaratory Judgment Act, as discussed in cases such as *Wilton v. Seven Falls Co.*, 515 U.S. 277, 282-90 (1995), *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 494-95 (1942), and *Government Employees Ins. Co. v. Dizol*, 133 F.3d 1220, 1225-26 (9th Cir. 1998) (en banc). Although there may be some overlap in the factors considered when a court invokes its inherent

authority to control its docket and when a court abstains from proceeding with a case seeking declaratory relief, these as separate inquiries that are generally analyzed separately. *See, e.g.*, *Atlantic Casualty Ins. Co. v. Bellinger*, 2017 WL 1843714, at *1-2 (E.D. Wash. May 8, 2017); *United Speciality Ins. Co. v. Meridian Mgmt. Grp., Inc.*, 2016 WL 1534885, at *1 (N.D. Cal. Apr. 15, 2016); *Fidelity & Guaranty Ins. Co. v. Centex Homes*, 2016 WL 1257523, at *2 & 4 n.2 (S.D. Cal. Mar. 31, 2016).

In this case, the motion relies predominately on the *Landis*-line of authority regarding a stay, and the standards enunciated therein. *See* Docket No. 23 at 6. However, the motion also relies on some cases analyzing abstention under the Declaratory Judgment Act, *see* Docket No. 23 at 6, 9, 11 (discussing *Wilton* and *Progressive Northern Ins. Co. v. Morales-Elizalde*, 2014 WL 2624996 (D. Nev. June 12, 2014)), while also appearing to indicate confusingly that the abstention analysis therein is not applicable, *see* Docket No. 23 at 7.[1,2]

The response intersperses the two lines of authority and the standards established therein. *See* Docket No. 32 at 10-12. Moreover, while the response indicates that the *Brillhart* factors apply, it then entirely ignores the three primary *Brillhart* factors and instead quotes a footnote with additional factors that can be considered. *See id.* at 11.[3] The response fails to provide meaningful discussion on some of the

---

[1] Defendant indicates that the abstention line of authority does not apply since Defendant is not a party to the underlying state court action. Docket No. 23 at 7. Defendant fails to provide meaningful discussion as to why it believes the standards regarding abstention under the Declaratory Judgment Act have no bearing based on that fact alone. *Cf. Polido v. State Farm Mut. Auto. Ins. Co.*, 110 F.3d 1418, 1423 (9th Cir. 1997) (providing overview of Ninth Circuit cases analyzing discretionary jurisdiction under the Declaratory Judgment Act in cases in which the parties in the federal case were different than the parties in the underlying state case), *overruled on other grounds*, *Dizol*, 133 F.3d at 1220. Moreover, as discussed below, the reply appears to rely on the abstention case law without addressing this concern regarding the difference in parties.

[2] Defendant also cites case law dealing with other issues, such as *Colorado River* abstention and stays of discovery pending resolution of a dispositive motion. *See* Docket Nos. 23 at 6-7 (citing *American Int'l Underwriters (Phillipines), Inc. v. Cont'l Ins. Co.*, 843 F.2d 1253, 1259-69 (9th Cir. 1988) and *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 602 (D. Nev. 2011)). It is not entirely clear how such case law is pertinent here.

[3] "The *Brillhart* factors remain the philosophic touchstone for the district court. The district court should avoid needless determination of state law issues; it should discourage litigants from filing declaratory

primary issues involved in the Court's analysis. For example, the Court considers the need to "discourage litigants from filing declaratory actions as a means of forum shopping," but Plaintiff's entire discussion of forum-shopping is a conclusory statement that Plaintiff perceives that it is Defendant that is forum-shopping based on its conduct in state court. *See* Docket No. 32 at 13. To the extent Plaintiff is conceding that it is forum-shopping, it fails to provide meaningful discussion as to why Defendant's purported conduct should negate or outweigh its own conduct in the Court's analysis.[4]

The reply appears to abandon the *Landis* stay analysis, and instead argues for application of the pertinent factors for abstention under *Brillhart*. Docket No. 36 at 3-4. The reply proceeds, however, without structuring its argument to address the pertinent factors in a direct fashion.

In short, the Court finds the briefing to be insufficiently clear to permit a ruling. To the extent Defendant seeks to invoke the Court's discretion to abstain from exercising jurisdiction under the Declaratory Judgment Act, it must clearly so state. To the extent Defendant seeks to invoke the Court's inherent authority to stay this case as a means of controlling its docket, it must clearly so state. To the

---

relief actions as a means of forum shopping; and it should avoid duplicative litigation." *Dizol*, 133 F.3d at 1225. The Ninth Circuit has also made clear that these three factors are not exhaustive, however, suggesting other considerations such as:

> whether the declaratory action will settle all aspects of the controversy; whether the declaratory action will serve a useful purpose in clarifying the legal relations at issue; whether the declaratory action is being sought merely for the purposes of procedural fencing or to obtain a 'res judicata' advantage; or whether the use of a declaratory action will result in entanglement between the federal and state court systems. In addition, the district court might also consider the convenience of the parties, and the availability and relative convenience of other remedies.

*Id.* at 1225 n.5 (*States Ins. Co. v. Kearns*, 15 F.3d 142, 145 (9th Cir. 1994) (Garth, J., quoting *American* concurring)).

[4] AIG also states, without elaboration, that forum-shopping is not relevant here as it is "entitled" to litigate its claims in this Court. Docket No. 32 at 13. To the extent AIG is arguing that the mere presence of federal subject matter jurisdiction negates any concerns of forum-shopping, it fails to meaningfully develop that position or supply any legal authority supporting it. *Cf. Wilton*, 515 U.S. at 282 ("*Brillhart* makes clear that district courts possess discretion in determining whether and when to entertain an action under the Declaratory Judgment Act, even when the suit otherwise satisfies subject matter jurisdictional prerequisites").

extent Defendant wishes to invoke both doctrines, it must separately analyze the applicable issues.  In any of these scenarios, the parties must then provide meaningful discussion of the controlling standards and meaningful discussion as to each of the applicable factors.  The briefs must be organized in a coherent manner and should avoid inclusion of irrelevant information.  Moreover, counsel are advised that the Court does not look favorably on *ad hominem* attacks, and they would be well-served by sticking to the facts and analysis without superfluous commentary.

For the reasons discussed above, the pending motion to stay is hereby **DENIED** without prejudice. Any renewed motion shall be filed within 14 days of the issuance of this order.[5]  The Court declines to require expedited briefing on any renewed motion, and it will be decided in the ordinary course.

IT IS SO ORDERED.

DATED: July 31, 2017

_____
NANCY J. KOPPE
United States Magistrate Judge

---

[5] The Court expresses no opinion herein regarding any renewed motion.